**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

───────────────────────────────────────────

**BUILDING TRADES UNITED PENSION TRUST FUND, and**
**WILLIAM BONLENDER (in his capacity as Trustee),**

                    **Plaintiffs,**

        **v.**                                          **Case No.  25-cv-1821**

**MEDICAL SUPPORT SYSTEMS, LLC,**

                    **Defendant.**

───────────────────────────────────────────

## COMPLAINT

───────────────────────────────────────────

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

1.      Jurisdiction of this Court upon Defendant Medical Support Systems, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of a collective bargaining agreement, trust plan and trust agreement, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of that plan and agreement, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plan.

2.     Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Fund is administered at its offices located in Waukesha County, Wisconsin.

**Parties**

3.     Plaintiff Building Trades United Pension Trust Fund is a multiemployer employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Rd #300, Elm Grove, WI 53122.

4.     Plaintiff William Bonlender is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  William Bonlender maintains an office at 17125 West Cleveland Ave., New Berlin, WI 53151.

5.     Medical Support Systems, LLC ("Medical Support Systems") is a domestic limited liability company organized under the laws of Wisconsin, engaged in business with principal offices located at 919 N. River Road, Suite C, West Bend, WI 53090.  The company's registered agent for service of process is Audra Lindley, 919 N. River Road, Suite C, West Bend, WI 53090.

**Facts**

6.     Medical Support Systems is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7.      For all times relevant, Medical Support Systems was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the United Brotherhood of Carpenters and Joiners of America (hereinafter "Carpenters Union").

8.      The Labor Agreements described herein contain provisions whereby Medical Support Systems agreed to make contributions and payments to the Plaintiff Fund by the fifteenth day of the month after the one during which the work was performed.

9.      By execution of said Labor Agreements, Medical Support Systems adopted the trust agreement and amendments thereof; which establishes and governs the Plaintiff Fund and are necessary for its administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

10.     Medical Support Systems has failed to remit to the Plaintiff Fund all contributions required by its collective bargaining agreement with the Carpenters Union.

11.     Even when Medical Support Systems has remitted contributions to the Plaintiff Fund, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policy on Employer Accounts that is binding upon Medical Support Systems, it owes to the Plaintiff Fund interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

12.     Despite demand from the Plaintiff Fund's auditor, Medical Support Systems has denied the Plaintiff Fund's auditor access to books and records needed to compile an audit for the period February 1, 2025 to the Present.

**Claim One Against Medical Support Systems, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

13.     As and for their claim for relief against Medical Support Systems, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above and incorporate the same as though fully set forth herein word for word.

14.     Medical Support Systems has failed to remit to the Plaintiffs all contributions required by its collective bargaining agreement with the Carpenters Union, in violation of 29 U.S.C. §1145.

15.     Therefore, on all contributions that remain unpaid from February 1, 2025 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Medical Support System all owed contributions; as well as their reasonable attorneys' fees, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and applicable collective bargaining agreement.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.     Judgment on behalf of the Plaintiffs and against Medical Support Systems, LLC:

      A.    For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Fund for the period February 1, 2025 to the present;

      B.    For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the

commencement of this lawsuit through the date of judgment; and

      C.     Reasonable attorney fees and the costs of this action.

2.     An order directing Medical Support Systems, LLC to fully submit to an audit of the company's books and records by the Plaintiff Fund's designated representative for the period February 1, 2025, to the Present.

3.     The Court should retain jurisdiction pending compliance with its order.

4.     For such other, further or different relief as the Court deems just and proper.

Dated this 18th day of November 2025.

/s/ Alex J. Sterling
Alex J. Sterling (SBN 1107931)
Christopher J. Ahrens (SBN 1043237)
THE PREVIANT LAW FIRM, S.C.
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
      cja@previant.com

Attorney for Plaintiffs